1   JEFFER MANGELS BUTLER & MITCHELL LLP
    ROD S. BERMAN (Bar No. 105444), rberman@jmbm.com
2   JESSICA BROMALL SPARKMAN (Bar No. 235017), jzb@jmbm.com
    1900 Avenue of the Stars, Seventh Floor
3   Los Angeles, California  90067-4308
    Telephone:   (310) 203-8080
4   Facsimile:    (310) 203-0567

5   Attorneys for Plaintiff CHRIS'S STUFF, INC.

6

7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10                          WESTERN DIVISION

11  CHRIS'S STUFF, INC., a California        CASE NO.
    corporation,
12                                           **COMPLAINT FOR:**
                 Plaintiff,
13                                           **(1)  COPYRIGHT**
         v.                                       **INFRINGEMENT**
14
    EVERGREEN ENTERPRISES OF              **(2)  TRADEMARK**
15  VIRGINIA, LLC, a Delaware limited           **INFRINGEMENT**
    liability company and EVERGREEN
16  ENTERPRISES, INC., a Virginia         **(3)  FALSE DESIGNATION**
    corporation,                                **(LANHAM ACT § 43(A));**
17
                 Defendants.               **(4)  COMMON LAW**
18                                               **TRADEMARK**
                                                 **INFRINGEMENT;**
19
                                           **(5)  UNFAIR COMPETITION**
20                                               **(CALIFORNIA BUSINESS &**
                                                 **PROFESSIONS CODE §**
21                                               **17200);**

22                                         **(6)  COMMON LAW TRADE**
                                                 **DRESS INFRINGEMENT;**
23
                                           **(7)  DECLARATORY RELIEF**
24
                                           **DEMAND FOR TRIAL BY JURY**
25

26

27

28

**SUMMARY OF ACTION**

1.     Plaintiff Chris's Stuff, Inc. ("Plaintiff") is a designer and seller of wine-themed apparel and other merchandise including garden flags in connection with the federally registered trademark GROUP THERAPY and related copyrighted designs. Defendants Evergreen Enterprises of Virginia, LLC and Evergreen Enterprises, Inc. (collectively, "Defendants" or "Evergreen Enterprises") make and sell products in the U.S. bearing a design and trademark that infringe upon Plaintiff's copyrights, trademark and trade dress.  Plaintiff brings this action to end Defendants' violations of Plaintiff's rights and to seek the recovery of its damages and other relief.

**THE PARTIES**

2.     Plaintiff is a California corporation with its principal place of business in Los Angeles, California.  Plaintiff's goods are sold on its own web site, www.chrisstuff.com, and at wineries and other outlets throughout the United States including in the state of California.

3.     Defendant Evergreen Enterprises of Virginia, LLC is a Delaware limited liability company.  Defendant Evergreen Enterprises, Inc. is a Virginia corporation. On information and belief, at all times relevant to this action, Evergreen Enterprises has had continuous and systematic contacts with the state of California and this judicial district, including but not limited to sales of the infringing product at issue here.

**JURISDICTION AND VENUE**

4.     This action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125.  Accordingly, this Court has original jurisdiction over the Copyright Act and Lanham Act claims in this action pursuant to 28 U.S.C. §§ 1121, 1331, and 1338.  The state law claims in this action arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding.  Accordingly,

PRINTED ON
RECYCLED PAPER
LA 11148221v3

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  this Court may exercise supplemental jurisdiction over the state law claims pursuant

2  to 28 U.S.C. § 1367.  Jurisdiction is also present pursuant to 28 U.S.C. § 1332 due to

3  the diversity of the parties and that the matter in controversy exceeds the sum or

4  value of $75,000, exclusive of interest and costs.

5       5.     A substantial part of the events and/or omissions giving rise to the

6  claims against Defendants occurred in this judicial district.  Therefore, venue is

7  proper and assignment of this case to the Central District of California is appropriate

8  pursuant to 28 U.S.C. § 1391(b) and (c).

9                          **GENERAL ALLEGATIONS**

10      6.     Plaintiff owns copyright registrations VA 1811359, for its work titled

11  "Rhinestone Wine Glass Design," and VA 1-811-368, for its work titled "Wine Glass

12  Design."  True and correct copies of the certificates of these registrations, and the

13  respective deposit materials, are attached as Exhibits A and B, respectively.

14      7.     On or about July 7, 2014, Plaintiff filed an application for a certificate of

15  copyright registration (Service Request No. 1-1569587713), for its work titled "Four

16  Wine Glasses".  A true and correct copy of this application and the deposit materials

17  is attached as Exhibit C.   Leave will be sought to amend this Complaint to add the

18  Certificate of Registration once it is issued by the Copyright Office.

19      8.     Plaintiff owns Federal Trademark Registration No. 3,375,155 for the

20  mark "GROUP THERAPY," for "clothing, namely, tops, T-shirts, caps, aprons, and

21  ties," in Class 25 (U.S. Cls. 22 and 39).  A true and correct copy of this registration is

22  attached as Exhibit D.

23      9.     Among the products offered for sale by Plaintiff is a garden flag bearing

24  Plaintiff's "Group Therapy" mark and the pending Four Wine Glasses Design

25  ("Plaintiff's Group Therapy Garden Flag").  A true and correct image of Plaintiff's

26  Group Therapy Garden Flag is attached as Exhibit E.

27      10.    Plaintiff's products have achieved a reputation for quality and style.

28  Consumers have come to associate the GROUP THERAPY mark, and Plaintiff's

JMBM | Jeffer Mangels Butler & Mitchell LLP

1    copyrighted designs, with Plaintiff.  Consumers recognize the mark and designs as

2    indicating that Plaintiff is the source, sponsor, or is affiliated with, the products

3    bearing them.

4         11.     Evergreen Enterprises sells various home and garden products,

5    including, without limitation, banners and garden flags.  On information and belief,

6    Evergreen Enterprises has displayed, offered for sale and sold garden flags bearing a

7    mark and designs that infringe upon Plaintiff's rights in the Rhinestone Wine Glass

8    Design, Wine Glass Design, pending Four Wine Glasses Design, and GROUP

9    THERAPY mark.   A true and correct image of one of Evergreen Enterprises'

10   infringing garden flags is attached as Exhibit F.

11   **FIRST CAUSE OF ACTION**

12   Copyright Infringement – 17 U.S.C. § 501

13        12.     Plaintiff incorporates by reference paragraphs 1 through 11 of this

14   Complaint.

15        13.     Plaintiff is the owner of valid copyrights for the works titled "Rhinestone

16   Wine Glass Design," "Wine Glass Design" and "Four Wine Glasses Design."  These

17   works have been widely disseminated, and Defendants have had access to them.

18        14.     Evergreen Enterprises copied the foregoing copyrighted designs of

19   Plaintiff , displayed images of these designs, and offered to sell and sold garden flags

20   bearing designs substantially similar to Plaintiff's aforementioned copyrighted

21   designs.

22        15.     Defendants' actions violate Plaintiff's exclusive rights under

23   17 U.S.C. § 106, including but not limited to Plaintiff's rights to reproduce,

24   distribute, or sell the copyrighted works and the right to prepare derivative works, and

25   therefore constitute copyright infringement pursuant to 17 U.S.C. § 501.

26        16.     On information and belief, Defendants are also liable for vicarious and

27   contributory copyright infringement, in that, with knowledge of its infringement, it

28

Jeffer Mangels
Butler & Mitchell LLP
JMBM

1    induced, caused, and/or materially contributed to its customer's infringement of

2    Plaintiff's rights by such customers reselling of Defendants' infringing products.

3          17.   Defendants' actions constitute willful infringement.

4          18.   As a direct and proximate result of Defendants' infringement of

5    Plaintiff's copyrights, Plaintiff has suffered, and continues to suffer, damages to its

6    profits, sales, and business.  Plaintiff has sustained, and will continue to sustain, great

7    and irreparable injury in that it will lose customers and good will.  Plaintiff has no

8    adequate remedy at law for these injuries.  Unless Defendants are restrained from

9    making such false representations in the future, Plaintiff will be compelled to bring a

10   multiplicity of suits to protect its interests.

11         19.   In addition to recovery of compensatory damages, Plaintiff also seeks

12   recovery of statutory damages of $150,000 per work as well as its attorney's fees and

13   costs pursuant to 17 U.S.C. § 504.

14                     **SECOND CAUSE OF ACTION**

15                  Trademark Infringement – 15 U.S.C. § 1114

16         20.   Plaintiff incorporates by reference paragraphs 1 through 19 of this

17   Complaint.

18         21.   Defendants, through the acts and omissions described above, have used

19   in commerce a reproduction or copy of Plaintiff's registered GROUP THERAPY

20   mark in connection with the sale of goods, without Plaintiff's consent.

21         22.   Defendants' use of Plaintiff's registered mark is likely to cause

22   confusion, mistake, or deceive consumers.

23         23.   Defendants' actions constitute trademark infringement pursuant to 15

24   U.S.C. § 1114.

25         24.   On information and belief, Defendants are also liable for contributory

26   trademark infringement, in that, with knowledge of its infringing conduct, it induced,

27   caused, and/or materially contributed to the infringing conduct by its customers.

28

PRINTED ON
RECYCLED PAPER
LA 11148221v3

Jeffer Mangels
Butler & Mitchell LLP
JMBM

25.     Defendants' actions are willful, malicious, fraudulent, deliberate, and intended to confuse the public.

26.     Plaintiff has suffered, and continues to suffer, damages to its profits, sales, and business as a result of Defendants' acts of infringement.  Plaintiff has sustained, and will continue to sustain, great and irreparable injury in that it will lose customers and good will.  Plaintiff has no adequate remedy at law for these injuries. Unless Defendants are restrained from infringing Plaintiff's registered trademark, Plaintiff will be compelled to bring a multiplicity of suits to protect its interests.

27.     In addition to recovery of compensatory damages, Plaintiff also seeks treble damages, recovery of statutory damages, as well as its attorney's fees and costs pursuant to 15 U.S.C. § 1117(a), (b) and (c).

## THIRD CAUSE OF ACTION

### False Designation of Origin – 15 U.S.C. § 1125(a)

28.     Plaintiff incorporates by reference paragraphs 1 through 27 of this Complaint.

29.     Defendants, through the acts and omissions described above, have used in commerce words, terms, names, symbols, and devices which are false designations of origin and confusingly similar to those of Plaintiff, in a manner that is likely to cause confusion or mistake or to deceive consumers as to the affiliation, connection, or association of Defendants with Plaintiff, and/or as to the origin, sponsorship, or approval of Defendants' goods, in violation of 15 U.S.C. § 1125(a).

30.     On information and belief, Defendants are also liable for contributory trademark infringement, in that, with knowledge of its infringing conduct, it induced, caused, and/or materially contributed to the infringing conduct of its customers.

31.     Defendants' actions are willful, malicious, fraudulent, deliberate, and intended to confuse the public.

32.     Plaintiff has suffered, and continues to suffer, damages to its profits, sales, and business as a result of Defendants' acts of false designation.  Plaintiff has

PRINTED ON
RECYCLED PAPER
LA 11148221v3

JMBM | Jeffer Mangels Butler & Mitchell LLP

sustained, and will continue to sustain, great and irreparable injury in that it will lose customers and good will.  Plaintiff has no adequate remedy at law for these injuries. Unless Defendants are restrained from making such false designations in the future, Plaintiff will be compelled to bring a multiplicity of suits to protect its interests.

33.    In addition to recovery of compensatory damages, Plaintiff also seeks recovery of its attorney's fees and costs pursuant to 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION

### Common Law Trademark Infringement

34.    Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint.

35.    The acts and omissions of Defendants, as set forth above, constitute common law trademark infringement.

36.    Defendants' use of Plaintiff's GROUP THERAPY trademark is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association of Plaintiff, its GROUP THERAPY mark, with Defendants, and/or as to the origin, sponsorship, or approval of Defendants' goods.

37.    Plaintiff has suffered, and continues to suffer, damages to its profits, sales, and business as a result of Defendants' acts of infringement.  Plaintiff has sustained, and will continue to sustain, great and irreparable injury in that it will lose customers and good will.  Plaintiff has no adequate remedy at law for these injuries. Unless Defendants are restrained from such infringement in the future, Plaintiff will be compelled to bring a multiplicity of suits to protect its interests.

38.    In performing the acts and omissions herein alleged, Defendants are guilty of intentional, oppressive, malicious, reckless and despicable conduct directed to Plaintiff in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from Defendants in an amount subject to proof.

## FIFTH CAUSE OF ACTION

### Unfair Business Practices – California Bus. & Prof. Code § 17200

PRINTED ON
RECYCLED PAPER
LA 11148221v3

39.     Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint.

40.     Defendants have committed acts of illegal and unfair business practices, as defined by Business and Professions Code Section 17200 et seq., by engaging in, among other unfair practices, deceptive representations in violation of Business and Professions Code § 17500, and violations of federal copyright, trademark and unfair competition statutes.

41.     These acts and practices violate Business and Professions Code Section 17200 in that they are illegal, unfair and/or fraudulent business practices.

42.     The unlawful, unfair and/or fraudulent business practices as described above, present a continuing threat to members of the public in that Plaintiff and members of the general public have no other adequate remedy at law to halt and remedy said practices and/or policy.

43.     As a direct and proximate result of the aforementioned acts, Defendants received and continues to hold ill-gotten gains resulting from its unfair business practices, which properly belong to Plaintiff.  Plaintiff, accordingly, seeks restitution of all such gains.

## SIXTH CAUSE OF ACTION

### Common Law Trade Dress Infringement

44.     Plaintiff incorporates by reference paragraphs 1 through 43 of this Complaint.

45.     Plaintiff owns certain trade dress, namely, the fanciful combination of the "GROUP THERAPY " mark and an alcoholic beverage glass arrangement.  This trade dress is arbitrary and has achieved secondary meaning.

46.     The acts of Defendants, as set forth above, constitute common law trade dress infringement.

47.     Defendants' use of Plaintiff's trade dress is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association of

PRINTED ON
RECYCLED PAPER
LA 11148221v3

1    Plaintiff and its aforementioned trade dress, with Defendants, and/or as to the origin,

2    sponsorship, or approval of Defendants' goods.

3        48.    Plaintiff has suffered, and continues to suffer, damages to its profits,

4    sales, and business as a result of Defendants' acts of infringement.  Plaintiff has

5    sustained, and will continue to sustain, great and irreparable injury in that it will lose

6    customers and good will.  Plaintiff has no adequate remedy at law for these injuries.

7    Unless Defendants are restrained from infringing its trade dress in the future, Plaintiff

8    will be compelled to bring a multiplicity of suits to protect its interests.

9        49.     In performing the acts and omissions herein alleged, Defendants are

10   guilty of intentional, oppressive, malicious, reckless and despicable conduct directed

11   to Plaintiff in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to

12   recover punitive damages from Defendants in an amount subject to proof.

**SEVENTH CAUSE OF ACTION**

Declaratory Relief

15   50.    Plaintiff incorporates by reference paragraphs 1 through 49 of this

16   Complaint.

17       51.    An actual controversy has arisen between Plaintiff and Defendants with

18   respect to, among other things, Defendants' sale of infringing garden flags.

19       52.    Specifically, Plaintiff contends that Defendants' sale of infringing garden

20   flags violate Plaintiff's copyrights, trademark, and trade dress, and on information

21   and belief, Defendants contend otherwise.

22       53.    Plaintiff seeks a judicial declaration of its rights and remedies, including

23   a determination that Defendants' infringing garden flags infringe Plaintiff's

24   copyrights, trademark and trade dress.

**PRAYER**

26   Plaintiff prays for relief as follows:

27       1.    For the First Cause of Action:  for damages according to proof at trial, in

28   an amount no less than $75,000, including but not limited to (1) Plaintiff's actual

JMBM | Jefer Mangels
Butler & Mitchell LLP

1   damages, and (2) the Defendants' profits; for statutory damages of $150,000 per work

2   pursuant to 17 U.S.C. §504; for an order pursuant to 17 U.S.C. § 502 temporarily,

3   preliminarily, and permanently enjoining Defendants, and all of its principals,

4   servants, officers, directors, partners, agents, representatives, shareholders,

5   employees, affiliates, successors, and assignees, and all others acting in privity,

6   concert, or participation with them, from (1) manufacturing, selling, or distributing its

7   infringing products, (2) imitating, copying, duplicating, or otherwise making use of

8   any of Plaintiff's copyrighted works, or (3) assisting, aiding, or abetting any person in

9   engaging or performing any of the acts in (1) or (2); for costs and attorneys' fees

10   pursuant to 17 U.S.C. § 504; and for such other and further legal and equitable relief

11   as the Court deems just and proper.

12          2.      For the Second Cause of Action:  for damages according to proof at trial,

13   in an amount no less than $75,000, including but not limited to (1) Plaintiff's actual

14   damages, and (2) the Defendants' profits; for treble damages pursuant to 15 U.S.C. §

15   1117(b); for statutory damages pursuant to 15 U.S.C. §1117(c); for an order pursuant

16   to 15 U.S.C. § 1116 temporarily, preliminarily, and permanently enjoining

17   Defendants, and all of its principals, servants, officers, directors, partners, agents,

18   representatives, shareholders, employees, affiliates, successors, and assignees, and all

19   others acting in privity, concert, or participation with them, from (1) manufacturing,

20   selling, or distributing its infringing products, (2) using Plaintiff's registered mark or

21   any confusingly similar mark, or (3) assisting, aiding, or abetting any person in

22   engaging or performing any of the acts in (1) or (2); for an order of destruction of

23   infringing goods pursuant to 15 U.S.C. § 1118; for costs and attorneys' fees pursuant

24   to 15 U.S.C. §1117(a); and for such other and further legal and equitable relief as the

25   Court deems just and proper.

26          3.      For the Third Cause of Action:  for damages according to proof at trial,

27   in an amount no less than $75,000, including but not limited to (1) Plaintiff's actual

28   damages, and (2) the Defendants' profits; for an order pursuant to 15 U.S.C. § 1116

JMBM | Jeffer Mangels Butler & Mitchell LLP

temporarily, preliminarily, and permanently enjoining Defendants, and all of its principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, and assignees, and all others acting in privity, concert, or participation with them, from (1) manufacturing, selling, or distributing its infringing products, (2) using Plaintiff's registered markor any confusingly similar mark, or (3) assisting, aiding, or abetting any person in engaging or performing any of the acts in (1) or (2); for an order of destruction of infringing goods pursuant to 15 U.S.C. § 1118; for costs and attorneys' fees pursuant to 15 U.S.C. §1117(a); and for such other and further legal and equitable relief as the Court deems just and proper.

4.    For the Fourth Cause of Action:  damages according to proof at trial, in an amount no less than $75,000; disgorgement of Defendants' profits; punitive damages; prejudgment interest; costs of suit; attorneys' fees; for an order temporarily, preliminarily, and permanently enjoining Defendants, and all of its principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, and assignees, and all others acting in privity, concert, or participation with them, from (1) manufacturing, selling, or distributing its infringing products, (2) using Plaintiff's registered mark or any confusingly similar mark, or (3) assisting, aiding, or abetting any person in engaging or performing any of the acts in (1) or (2); and for such other and further legal and equitable relief as the Court deems just and proper;

5.    For the Fifth Cause of Action: an accounting of all profits derived by Defendants as a result of its unlawful conduct; disgorgement of all such wrongfully obtained profits; costs of suit; attorneys' fees; for an order temporarily, preliminarily, and permanently enjoining Defendants, and all of its principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, and assignees, and all others acting in privity, concert, or participation with them, from (1) manufacturing, selling, or distributing its infringing goods, (2) using Plaintiff's registered mark or trade dress or any confusingly similar mark or

PRINTED ON
RECYCLED PAPER
LA 11148221v3

1    trade dress, or Plaintiff's copyrights designs or any substantially similar thereto, or (3)

2    assisting, aiding, or abetting any person in engaging or performing any of the acts in

3    (1) or (2); and for such other and further legal and equitable relief as the Court deems

4    just and proper;

5           6.      For the Sixth Cause of Action:  for damages according to proof at trial,

6    in an amount no less than $75,000, including but not limited to (1) Plaintiff's actual

7    damages, and (2) the Defendants' profits; for an order pursuant to 15 U.S.C. § 1116

8    temporarily, preliminarily, and permanently enjoining Defendants, and all of its

9    principals, servants, officers, directors, partners, agents, representatives, shareholders,

10   employees, affiliates, successors, and assignees, and all others acting in privity,

11   concert, or participation with them, from (1) manufacturing, selling, or distributing its

12   infringing products, (2) using Plaintiff's trade dress or any confusingly similar trade

13   dress, or (3) assisting, aiding, or abetting any person in engaging or performing any

14   of the acts in (1) or (2); for an order of destruction of infringing goods; and for such

15   other and further legal and equitable relief as the Court deems just and proper

16          7.      For the Seventh Cause of Action:  a determination that (1) the infringing

17   garden flags infringe Plaintiff's copyrights, trademark and trade dress; and for such

18   other and further legal and equitable relief as the Court deems just and proper.

19

20   DATED:  July 21, 2014                JEFFER MANGELS BUTLER & MITCHELL LLP
21                                        ROD S. BERMAN
                                          JESSICA  BROMALL SPARKMAN
22

23                                        By: /s/ ROD S. BERMAN
24                                              ROD S. BERMAN
                                          Attorneys for Plaintiff CHRIS'S STUFF. INC.

25

26

27

28

PRINTED ON
RECYCLED PAPER
LA 11148221v3

JMBM | Jeffer Mangels Butler & Mitchell LLP

1

## **DEMAND FOR TRIAL BY JURY**

2          Plaintiff hereby demands a trial by jury of all issues which may be tried to a

3    jury.

4

5    DATED:  July 21, 2014                    JEFFER MANGELS BUTLER & MITCHELL LLP
                                             ROD S. BERMAN
6                                            JESSICA  BROMALL SPARKMAN

7

8                                            By: s/ ROD S. BERMAN
                                                 ROD S. BERMAN
9                                            Attorneys for Plaintiff CHRIS'S STUFF. INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRINTED ON

RECYCLED PAPER
LA 11148221v3